654 S.E.2d 536

**In the Matter of Alex J. NEWTON, Respondent.**

No. 26402.

Supreme Court of South Carolina.

Submitted Nov. 6, 2007.

Decided Dec. 10, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and Assistant Deputy Attorney General, and Robert E. Bogan, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement,

respondent admits misconduct and consents to disbarment. Respondent requests that the date of disbarment be retroactive to the date of interim suspension.[1]  We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to March 22, 2006.  The facts, as set forth in the Agreement, are as follows.

### Facts

Between May 1, 2002, and March 1, 2004, respondent, who was engaged in the business of closing residential mortgage loans, closed certain transactions as part of a two-transaction "flip," using loan proceeds intended to fund only the second transaction to fund both.  Respondent also lent funds from his trust account to one or more "straw men" purchasers on certain occasions to effect these transactions.  In connection with these "flip" transactions, respondent prepared HUD–1 closing statements containing false representations and/or omissions that were material to the transactions.  Respondent also permitted borrowers to certify that the properties purchased would be owner-occupied as a primary residence, a condition for loan approval, when he knew that was not true.

Respondent submitted the false certifications and HUD–1 closing statements to lenders through the United States Mail and through private and commercial carriers.  Respondent was charged with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, a felony under federal law and a serious crime under Rule 2(aa), Rule 413, SCACR. Respondent pled guilty in federal court to the charged offense and was sentenced to forty-one months' imprisonment.  The indictment and plea were related to one of the closings mentioned hereinabove.

### Law

■ Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.4 (lawyer shall consult with the client about any relevant limitation on the

---

1.  Respondent was placed on interim suspension by order of this Court dated March 22, 2006.  *In the Matter of Newton,* 368 S.C. 171, 628 S.E.2d 883 (2006).

lawyer's conduct when the lawyer knows the client expects assistance not permitted by the Rules of Professional Conduct or other law); Rule 1.8 (lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation); Rule 1.15 (lawyer shall hold property of clients in the lawyers possession in connection with a representation separate from the lawyers own property); Rule 4.1 (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyers honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct constitutes grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (be convicted of a crime of moral turpitude or a serious crime); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, bring the courts or legal profession into disrepute, or demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office). In addition, respondent admits his misconduct violated Rule 417, SCACR.

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state retroactive to March 22, 2006. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the

Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.